## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIUSZ STECKIEWICZ** | : | |
| 21131 Valley Forge Circle | : | |
| King of Prussia, PA 19406 | : | |
| | : | NO. _____ |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | ***JURY TRIAL DEMANDED*** |
| **CRASH CHAMPIONS** | : | |
| 601 Oakmont Lane, Suite #400 | : | |
| Westmont, IL 60559 | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff Dariusz Steckiewicz ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Defendant Crash Champions ("Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff initiates this action contending Defendant violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.[1] by discriminating against him and terminating his employment because of his age.

2.      Additionally, Plaintiff contends that Defendant violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq. and Pennsylvania common law by failing to provide Plaintiff with a portion of his employee lottery award.

_____

[1] Plaintiff intends to amend this Complaint to add claims under the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA") upon administrative exhaustion.

## **PARTIES**

3.      Plaintiff Dariusz Steckiewicz resides in Pennsylvania at 21131 Valley Forge Circle, King of Prussia, PA 19406.

4.      Upon information and belief, Defendant Crash Champions is a business corporation organized and formed in Illinois, with a registered office address at 601 Oakmont Lane, Suite #400, Westmont, IL 60559.

5.      Upon information and belief, Defendant operates multiple business locations within this judicial district and the state of Pennsylvania, including businesses at 6201 Oxford Ave., Philadelphia, PA 19111 and 691 Bethlehem Pike, Montgomeryville, PA 18936.

6.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## **JURISDICTION AND VENUE**

7.       Paragraphs 1 through 6 are hereby incorporated by reference as if the same were fully set forth at length herein.

8.      On or about March 10, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 2000e-5(b) and (e).

9.      Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-04220 and was filed within one hundred and eighty (180) days of the unlawful employment practice.

10.     By correspondence dated July 17, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

11.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

12.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

13.     This action is initiated pursuant to the ADEA, WPCL, and state common law.

14.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

15.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367, as those claims arise out of the same common nucleus of operative facts as his federal claims.

16.     The venue in this district is proper to 28 U.S.C. § 1391, as Defendant does business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

**FACTUAL BACKGROUND**

17.     Paragraphs 1 through 16 are hereby incorporated by reference as if they were fully set forth at length herein.

18.     Plaintiff began working for Defendant's predecessor company in 1987 at its 6201 Oxford Ave., Philadelphia, PA 19111 location.

19.     In or around 2000, Plaintiff moved to the location at 691 Bethlehem Pike, Montgomeryville, PA 18936, and was promoted to Shop Manager.

3

20.    Defendant Crash Champions acquired and took over operations of both the Montgomeryville and Oxford Avenue locations in or around 2022.

21.    After the change of ownership, Defendant moved Plaintiff into an Auto Body Technician position.

22.    However, Defendant refused to provide Plaintiff the trainings that it provided its other Technicians.

23.    As such, Plaintiff remained a "B-Tech" while other, younger employees were enabled to advance to A-Tech.

24.    As a result, Defendant paid Plaintiff less than the younger Auto Body Technicians: Plaintiff was paid approximately $25 per job while the younger Auto Body Technicians were paid approximately $27 per job.

25.    Additionally, Defendant always picked Plaintiff last for job assignments, further resulting in Plaintiff receiving significantly less pay than his younger coworkers.

26.    In or around September 2024, Plaintiff was assigned a new manager, Ryan Horvath ("Mr. Horvath"), who was approximately 27 years old and harbored a discriminatory bias against Plaintiff because of his age.

27.    Shortly thereafter, on or about November 15, 2024, Mr. Horvath abruptly terminated Plaintiff's employment and immediately replaced him with a significantly younger employee in his 20s or 30s.

28.    Defendant claimed it was terminating Plaintiff because he was a B-Tech, but it conspicuously kept other, younger B-Techs employed.

29.    Based on the foregoing, Plaintiff believes and therefore avers that Defendant terminated him because of his age, in violation of the ADEA.

30.    Additionally, following his termination, Defendant failed to pay Plaintiff wages he earned prior to his termination.

31.    Defendant runs a "Champions Lottery" program where it periodically compensates selected employees with cash awards.

32.    According to Defendant, the Champions Lottery program recognizes tenured employees and "instills organization-wide comradery while promoting retention of top talent."

33.    On or about December 15, 2023, Defendant selected Plaintiff as a Champions Lottery winner and awarded him $100,000.

34.    Defendant deemed the $100,000 award to be a "retention incentive" and advised it would be paid out in eight $12,500 installments over approximately two years.

35.    The first installment of $12,500 was paid out on December 22, 2023 and the final installment was to be paid out on September 26, 2025.

36.    Based on Defendant's representations, Plaintiff reasonably expected to be retained and to receive the full $100,000 award.

37.    However, after unjustifiably terminating Plaintiff's employment, Defendant failed to pay him the remaining four installments of the lottery award.

38.    Defendant thus breached its duty of good faith and fair dealing with respect to its obligation to provide Plaintiff the employee lottery award.

39.    Defendant owes Plaintiff $50,000 in unpaid wages due pursuant to the WPCL and Pennsylvania common law.

40.    Accordingly, is believed and therefore averred that Defendant violated the WPCL and Pennsylvania common law by failing to pay Plaintiff contractually-owed wages.

**COUNT I**
**AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**
**29 U.S.C. 621, et seq.**
**AGE DISCRIMINATION**

41.    Paragraphs 1 through 40 are hereby incorporated by reference as though the same were fully set forth at length herein.

42.    Defendant employed at least twenty (20) employees throughout its various business locations at all times material hereto.

43.    Plaintiff was born on April 4, 1968 and is therefore protected under the ADEA.

44.    Defendant violated the ADEA by unlawfully and illegally discriminated against Plaintiff on account of his age, being above the age of forty (40) years old at the time of the unlawful discrimination.

45.    Defendant took tangible employment action against Plaintiff by denying him promotion opportunities and training as well as by terminating his employment on the basis of his age.

46.    Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

47.    Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendant, and grant him the maximum relief allowed by the law, including, but not limited to:

A.    Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

6

B.      Liquidated damages;

C.      Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW ("WPCL")
### 43 P.S. § 260.1, *e*
### FAILURE TO PAY WAGES THAT ARE DUE AND OWING

48.      Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49.      The WPCL provides employees with a statutory remedy to recover unpaid wages from their employer(s).  See 43 P.S. § 260.9a.

50.      The WPCL defines "wages" to include "all earnings of an employe[e], regardless of whether determined on time, task, piece, commission or other method of calculation" and including "fringe benefits or wage supplements" 43 P.S. § 260.2a.

51.      Defendant failed to pay Plaintiff $50,000 of his earned employee lottery award, which constitutes wages under the WPCL.

52.      Defendant is legally obligated to pay Plaintiff the remaining portion of the lottery award, which is currently due and owing under the WPCL.

53.      Defendant as no lawful basis for refusing to pay Plaintiff the owed wages.

54.      As a result of Defendant's willful failure to pay Plaintiff these wages due and owing, Plaintiff is entitled to liquidated damages equal to twenty-five percent (25%) of the total amount of wages due.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff in an amount equal to his unpaid wages;

B.      Liquidated damages of twenty-five percent (25%) under the WPCL;

C.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## PENNSYLVANIA COMMON LAW
## UNLAWFUL BREACH OF CONTRACT

55.     Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56.     Defendant was contractually obligated to pay Plaintiff the entirety of his $100,000 employee lottery award.

57.     Defendant breached its contractual obligations and caused Plaintiff damages by failing to pay Plaintiff the remaining $50,000 of his employee lottery award.

58.     Defendant breached its duty of good faith and fair dealing by terminating Plaintiff's employment and thereafter refusing to pay the remaining installments of the employee lottery award.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, in an amount to be determined at trial;

8

B.    Pre-judgment interest in an appropriate amount; and

C.    Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable.**

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/ Jake Daniel Novelli, Esq.*
Jake Daniel Novelli, Esq.
Michael Murphy, Esq.
Murphy Law Group, LLC
1628 John F. Kennedy Blvd, Suite 2000
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
jnovelli@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: September 19, 2025

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation